# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

### *In re Estate of Rosinski*, 2012 IL App (3d) 110942

---

| | |
|---|---|
| Appellate Court Caption | *In re* ESTATE OF KRISTINA ROSINSKI, a Minor (Colleen Wengler, Petitioner-Appellee, v. Lori S.C. Yokoyama and Associates, P.C., Respondent-Appellant). |
| District & No. | Third District<br>Docket No. 3-11-0942 |
| Filed | August 22, 2012 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | In proceedings seeking to settle a minor petitioner's personal injury claim, the appeal from an order requiring the fees of the petitioner's guardian *ad litem* to be paid by the law firm retained by the tortfeasor's insurer to "facilitate" the settlement was dismissed for lack of jurisdiction, since the order was not final and appealable. |
| Decision Under Review | Appeal from the Circuit Court of Will County, No. 10-P-807; the Hon. Jeffrey J. Allen, Judge, presiding. |
| Judgment | Appeal dismissed. |

Counsel on
Appeal

Lori S. Yokoyama, of Lori S.C. Yokoyama & Associates, P.C., of Chicago, for appellant.

No brief filed for appellee.

Panel

JUSTICE WRIGHT delivered the judgment of the court, with opinion.

Presiding Justice Schmidt and Justice Holdridge concurred in the judgment and opinion.

## OPINION

¶ 1    Appellant, Lori S.C. Yokoyama & Associates, P.C. (the firm), appeals the trial court's decision ordering the firm to pay the court-appointed guardian *ad litem* fees as costs, pursuant to local rules. The appeal, filed pursuant to Illinois Supreme Court Rule 304(a) (eff. Feb. 26, 2010), is dismissed for lack of jurisdiction.

¶ 2    FACTS

¶ 3    The minor in this case, Kristina Rosinski (Kristina), was injured in an automobile accident involving another driver, Ardythe Barnett. Barnett's insurance company, AAA, retained the firm to "facilitate" a settlement of the claim in the amount of $16,104.29.

¶ 4    On October 26, 2010, Jacqueline Rosinski (Jacqueline), Kristina's mother, filed a *pro se* petition to settle the cause of action and a *pro se* petition to be appointed guardian of her daughter's "estate and/or person" in Will County case No. 10-P-807. The firm purportedly assisted Jacqueline with the preparation of the petition to settle the cause of action against "Ardythe Barnett" and the petition requesting the court to designate Jacqueline as guardian of the "estate and/or person of the minor."

¶ 5    The trial court appointed Colleen Wengler (GAL) to serve as guardian *ad litem* for the minor on November 29, 2010, pursuant to Will County local rule 5.03 (12th Judicial Cir. Ct. R. 5.03 (Aug. 3, 2009)). Upon reviewing the case, the GAL advised an attorney with the firm, McKenzie Carr, that the minor must first be served with a summons and petition before any request to appoint Jacqueline as guardian of the minor's estate could be heard by the court.

¶ 6    Consequently, Carr appeared in court on December 27, 2010 and requested leave to issue an alias summons, which the trial court granted.[1] The firm prepared the alias summons and paid costs in the amount of $47 on December 28, 2010 to have the minor served with the summons and the petition.

---

[1]The record reveals no original summons was issued in this case.

¶ 7    Approximately three months later, the GAL formally recommended the court deny the proposed settlement with AAA on March 22, 2011. The GAL also advised the court that Jacqueline intended to retain counsel to file suit on the minor's behalf. The court continued that matter to August 15, 2011 for a status hearing.

¶ 8    On August 15, 2011, the record indicates Lori Yokoyama of the firm was present in court, and she was directed by the court to provide notice to both Jacqueline and the GAL of the next status date on September 29, 2011. The handwritten order prepared by the firm on August 15, 2011 indicated the firm represented "Ardythe Barnett," the insured. The GAL appeared in court on September 29, 2011 and received the trial court's permission to file her petition for fees on that date.

¶ 9    On November 2, 2011, the court conducted a hearing on the petition for GAL fees. Daniel Chang appeared at this hearing to oppose the petition on behalf of the firm. Chang did not allege the GAL fees were unreasonable but simply argued the firm should not be ordered to pay the GAL fees in any amount.

¶ 10    During the hearing regarding her request for GAL fees, the GAL informed the court she made several court appearances due to the firm's "failure to have their pleadings in order." Specifically, the GAL informed the court that the petition to settle the minor's cause of action was not in compliance with local court rules when it was first filed. The GAL stated, "I have $1,450 worth of fees just trying to get this thing in order so that the Court can take a look at it and so that I could evaluate it, all of which were caused by delay and other actions taken by Miss Yokoyama of Yokoyama and Associates."

¶ 11    After arguments, the court ordered the firm to pay GAL fees in the amount of $1,450 within 30 days.[2] The firm filed a motion to vacate the court's order on November 28, 2011. Again, the firm did not challenge the propriety of the GAL fees in the written motion, but contended the court was without authority to order a "nonparty" law firm to pay GAL fees when assessed as costs by the court.

¶ 12    During the hearing on the firm's motion to vacate, Yokoyama and the GAL were both personally present before the court. The GAL argued the court acted properly because the local rules allowed the court to assess GAL fees against a nonparty upon a showing of good cause. Specifically, the GAL stated, "this Court had good cause to approve my fees and order them payable by [Yokoyama's] firm. And it is allowed under the rules. And I would indicate that there is no basis to vacate the Court's November 2nd order." The GAL also argued the firm prepared the pleadings subsequently filed by Jacqueline to initiate the action in the circuit court. However, according to the GAL, the firm did not indicate on the pleadings that it had assisted Jacqueline when preparing the petitions.

¶ 13    The court directly inquired of Yokoyama whether she represented either the insurance company or Jacqueline. In response, Yokoyama stated:

"We were asked to basically appear *** to assist Miss Jacqueline Rosinski if she had any questions. But I don't represent Miss Rosinski."

---

[2]The record on appeal does not indicate whether the GAL fees have been paid.

-3-

In addition, Yokoyama verbally denied she represented the insurance company when before the court that day.[3]

¶ 14    After this exchange, the court reaffirmed there was good cause to order the firm to pay the GAL fees. Yokoyama then asked if she had leave to "take this matter up, *certify a question* relative to whether or not we should be assessed the fees for the Guardian Ad Litem." (Emphasis added.) The court replied, "I don't see any reason to delay enforcement or appeal of the order."

¶ 15    The trial court's written order reflects "[t]hat the order of November 2, 2011 requiring the law firm of Lori S.C. Yokoyama Assoc., P.C. to pay the fees of the Guardian Ad Litem is final and appealable." The notice of appeal was filed on December 22, 2011. The underlying case was continued to January 9, 2012, and the GAL appeared on that date.

¶ 16    The record does not include a certified question submitted by the firm for the court's approval pursuant to Illinois Supreme Court Rule 308 (eff. Feb. 26, 2010). Instead, the firm indicated in its statement of jurisdiction that this appeal was filed pursuant to Illinois Supreme Court Rule 304(a) (eff. Feb. 26, 2010).

¶ 17                                                    ANALYSIS

¶ 18    The firm raises five arguments on appeal attacking the trial court's authority to order the firm to pay the GAL fees in this case. The appellee did not file a brief in this case.

¶ 19    We may consider the merits of the appeal even in the absence of appellee's brief, pursuant to the principles articulated in *First Capitol Mortgage Corp. v. Talandis Construction Corp.*, 63 Ill. 2d 128 (1976). However, we first address whether we have jurisdiction to consider the firm's appeal. A reviewing court has a duty to ascertain its jurisdiction before proceeding in a cause of action, regardless of whether either party has raised the issue. *Secura Insurance Co. v. Illinois Farmers Insurance Co.*, 232 Ill. 2d 209, 213 (2009).

¶ 20    First, we note that after the appointment of the GAL on November 29, 2010, the firm voluntarily paid the costs associated with serving the minor with an alias summons. Second, the record does not reveal whether the firm paid the GAL fees within 30 days as ordered. However, the firm has *not* asked the trial court to declare the firm in "friendly contempt" after refusing to pay $1,450 for the court-ordered GAL fees. *In re Marriage of Earlywine*, 2012 IL App (2d) 110730, ¶ 1. If the firm had done so, this court would have jurisdiction on appeal to consider the propriety of the trial court's order regarding costs. *Id.* ¶¶ 1, 24; see also *Dufour v. Mobile Oil Corp.*, 301 Ill. App. 3d 156, 162 (1998) (holding "[t]he proper procedure to test on appeal a circuit court's [interlocutory] discovery order is for the contemnor to request the trial court to enter a citation of contempt").

¶ 21    Finally, we also recognize the matter may have involved a question of law that could

---

[3]We note that the written order from December 27, 2010, prepared by Carr, indicated that she represented "AAA." In addition, the record contains a written order from August 15, 2011, where the firm indicated it represented "Ardythe Barnett."

-4-

have been certified for our review by the trial court pursuant to Rule 308. However, the firm abandoned its stated intention to pursue an appeal in this case by certified question pursuant to Rule 308, and instead elected to file an appeal under Rule 304(a). Therefore, for purposes of evaluating our jurisdiction in this case, we assume the appeal was filed pursuant to Rule 304(a) as stated in the firm's brief.

¶ 22 Rule 304(a) states that a final order that disposes of less than all of the claims in one action is not appealable unless the trial court makes a written finding that there is no just reason to delay enforcement or appeal or both. Ill. S. Ct. R. 304(a) (eff. Feb. 26, 2010). In this case, the trial court's November 28, 2011 order indicated the order requiring the firm to pay the GAL fees in the amount of $1,450 was "final and appealable." Assuming this language satisfies the requirements of Rule 304(a), a trial court cannot make a nonfinal order appealable simply by including language that complies with Rule 304(a). *In re Marriage of Young*, 244 Ill. App. 3d 313, 315-16 (1993). Instead, we must independently determine whether the order was in fact, final and appealable.

¶ 23 Our careful review of the record indicates the petition to settle the minor's cause of action remained pending at the time of the notice of appeal, which was filed on December 22, 2011. The record indicates the GAL's duties were not terminated by the court prior to the date of the notice of appeal. In fact, the record also shows that on January 9, 2012, the GAL appeared on behalf of the minor after this appeal began. Thus, it is reasonable to assume the court will order the firm to compensate the GAL for her additional fees or other court costs, which would possibly generate another appeal by the firm. See *Pruitt v. Pruitt*, 129 Ill. App. 3d 50, 51-52 (1984) (finding order was not final and appealable where trial court's later ruling on attorney fees *could* result in another appeal on underlying action). This result is inapposite to Rule 304(a)'s policy of discouraging piecemeal litigation. *First National Bank of Deerfield v. Lewis*, 163 Ill. App. 3d 160, 161 (1987).

¶ 24 In spite of the court's language indicating the November 2, 2011 order was both final and appealable, based on a careful review of the record, we conclude the court's November 2, 2011 order did not absolutely and finally determine the rights of the firm because the firm could be ordered to pay additional GAL fees or other costs due to the ongoing nature of the pending petition. *Lamar Whiteco Outdoor Corp. v. City of West Chicago*, 395 Ill. App. 3d 501, 504 (2009) (stating that a final judgment is one that absolutely and finally fixes the right of the parties). Accordingly, the trial court's order requiring the firm to pay the GAL fees as court costs was not final and appealable as required by Rule 304(a).

¶ 25 CONCLUSION

¶ 26 For the foregoing reasons, the appeal is dismissed.

¶ 27 Appeal dismissed.