2023 IL App (1st) 220890

No. 1-22-0890

Opinion filed December 29, 2023

Sixth Division

_____

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

_____

| | | |
|---|---|---|
| *In re* MARRIAGE OF JOSEPH TENER, | ) | Appeal from the Circuit Court |
| | ) | of Cook County, Illinois. |
| Petitioner, | ) | |
| | ) | No. 14 D2 30460 |
| and | ) | |
| | ) | The Honorable |
| VERONICA WALTER, | ) | Jeanne Reynolds, |
| | ) | Judge, Presiding. |
| Respondent-Appellant | ) | |
| | ) | |
| (Beth McCormack, Guardian *Ad Litem*-Appellee). | ) | |

_____

JUSTICE C.A. WALKER delivered the judgment of the court, with opinion.
Presiding Justice Oden Johnson and Justice Tailor concurred in the judgment and opinion.

**OPINION**

¶ 1     On interlocutory appeal from a dissolution of marriage case, appellant Veronica Walter

argues (1) the dissolution court denied her access to counsel in violation of her procedural and

substantive due process rights and (2) the court's appointment of a guardian *ad litem* is void

because the court had no legal authority to order the appointment. For the following reasons, we

find the appointment of a guardian *ad litem* is not a void judgment and the orders on appeal were

not final and appealable under Illinois Supreme Court Rule 304(a) (eff. Mar. 8, 2016). Accordingly, we dismiss the appeal.

¶ 2                                I. BACKGROUND

¶ 3     Joseph Tener filed a petition for dissolution of marriage from Veronica Walter in October 2014. Between 2016 and 2018, three different attorneys filed appearances as Walter's counsel but later withdrew their representations. After the third attorney withdrew, Walter filed a *pro se* appearance. In August 2018, Tener filed a motion for physical or mental examination of Walter, and the court appointed Dr. Louis Kraus to conduct a mental health examination to determine Walter's mental competency. Dr. Kraus's report is not included in the record on appeal. According to our decision in a prior related appeal, Dr. Kraus evaluated Walter and opined that she was delusional, extremely paranoid, and severely disabled. *In re Estate of Walter*, 2023 IL App (1st) 211600, ¶ 4. After reviewing Dr. Kraus's opinion, the court appointed Beth McCormack to serve as Walter's guardian *ad litem*. *Id.*

¶ 4     In April 2019, Brad Pawlowski entered an appearance as Walter's counsel. On October 25, 2019, the court discharged Pawlowski's representation. The court further ordered McCormack initiate guardianship proceedings in the probate court for the person and estate of Walter and stayed subsequent appearances of counsel for Walter "until guardianship proceedings address new representation." By agreement of the parties, the court ordered Walter to pay McCormack $4197.86 for guardian *ad litem* fees incurred as of October 24, 2019.[1]

¶ 5     On January 24, 2020, the court continued the dissolution proceeding until April 8, 2020. In its order, the court stated, "a determination must be made in [the probate court] regarding

---

[1]Walter does not challenge these fees in the instant appeal.

temporary and permanent guardianship prior to this court's proceeding to trial or approving a marital settlement agreement." On January 4, 2021, Pinderski & Pinderski, Ltd., filed a motion for leave to file an appearance as Walter's counsel, and the court entered and continued the motion. During a court hearing on January 11, Jerome Pinderski, an attorney at Pinderski & Pinderski, Ltd., asserted Walter had a right to hire an attorney in the dissolution proceeding because the probate court had yet to adjudicate Walter disabled. The court again continued dissolution proceedings until the probate court made a ruling on guardianship.

¶ 6    In April 2022, McCormack and two law firms that McCormack hired to work on the probate matter, Chuhak & Tecson, P.C., and Golan Christie Taglia LLP, filed petitions for setting attorney fees and costs in the dissolution matter. On June 22, the court found the requested fees and costs were "fair, reasonable and necessary" and awarded McCormack and the law firms attorney fees and costs totaling $106,666.11. The court ordered that the fees and costs would be "subject to allocation, either by agreement or at the time of trial." The court also ordered "[n]o just reason staying enforcement of this Judgment." This appeal follows.

¶ 7                              II. ANALYSIS

¶ 8    On appeal, Walter argues (1) the dissolution court denied her access to counsel in violation of her procedural and substantive due process rights and (2) the court's appointment of a guardian *ad litem* is void where the court had no legal authority to order the appointment. As a result, Walter requests this court vacate the orders entered during the time she was denied counsel, including the October 25, 2019, order staying appearances and the June 22, 2022, fee awards. Walter also requests this court declare void and vacate the dissolution court's appointment of a guardian *ad litem*.

¶ 9    McCormack responds that (1) fee awards are not appealable prior to the final dissolution judgment despite the court's Rule 304(a) finding of "[n]o just reason staying enforcement of this Judgment"; (2) even if this court finds the orders are appealable under Rule 304(a), Walter failed to establish due process violations; and (3) the appointment of a guardian *ad litem* was not a void order, and the court had inherent authority to appoint a guardian *ad litem* in the dissolution case.

¶ 10                              A. Void Order

¶ 11    We first consider Walter's argument that the dissolution court lacked legal authority to appoint McCormack as a guardian *ad litem*. Walter argues neither section 506 of the Illinois Marriage and Dissolution of Marriage Act (Act) (750 ILCS 5/506 (West 2018)) nor Illinois Supreme Court Rule 215 (eff. Jan. 1, 2018), both of which the court relied on in its determination, provide a basis for the appointment of a guardian *ad litem* for an adult litigant. Furthermore, Walter contends the Probate Act of 1975 (755 ILCS 5/1-1 *et seq.* (West 2018)) is not applicable because the court never followed the statutory procedures for appointing a guardian *ad litem* under the act. As such, Walter posits that the appointment is a void order. McCormack claims the court had inherent authority to appoint a guardian *ad litem* and the appointment is not a void order because the dissolution court had personal and subject matter jurisdiction.

¶ 12    Because voidness is a question of jurisdiction (*LVNV Funding, LLC v. Trice*, 2015 IL 116129, ¶ 27), we will first determine whether the appointment is a void order. We review *de novo* whether the order is void or voidable. *American Chartered Bank v. USMDS, Inc.*, 2013 IL App (3d) 120397, ¶ 10. Where jurisdiction is lacking, any resulting judgment rendered is void and may be attacked either directly or indirectly at any time. *People v. Castleberry*, 2015 IL 116916, ¶ 11. "Judgments entered in a civil proceeding may be collaterally attacked as void only where there is

a total want of jurisdiction in the court which entered the judgment, either as to the subject matter or as to the parties." (Internal quotation marks omitted.) *In re Marriage of Mitchell*, 181 Ill. 2d 169, 174 (1998). A voidable judgment, in contrast, "is one entered erroneously by a court having jurisdiction and is not subject to collateral attack." (Internal quotation marks omitted.) *Castleberry*, 2015 IL 116916, ¶ 11. When a court has acquired jurisdiction, an order will not be rendered void merely because of an error or impropriety in the issuing court's determination of the law. *Mitchell*, 181 Ill. 2d at 174. A voidable judgment "is correctable on review [only] if a timely appeal is taken." *People v. Speed*, 318 Ill. App. 3d 910, 914 (2001).

¶ 13 This court has rejected the contention that a circuit court's jurisdiction depends on whether the court properly follows certain statutory requirements. *LVNV Funding*, 2015 IL 116129, ¶ 29 (citing *Steinbrecher v. Steinbrecher*, 197 Ill. 2d 514 (2001)). Rather, the court's jurisdiction is granted by the constitution. *Id.* ¶ 30. "[I]t cannot be the case that the failure to satisfy a certain statutory requirement or prerequisite can deprive the circuit court of its 'power' or jurisdiction to hear a cause of action." *Id.* Thus, whether a judgment is void in a civil lawsuit that does not involve an administrative tribunal or administrative review depends solely on whether the circuit court which entered the judgment possessed personal or subject matter jurisdiction. *Id.* ¶ 32. "[While the legislature can create new justiciable matters by enacting legislation that creates rights and duties, the failure to comply with a statutory requirement or prerequisite does not negate the circuit court's subject matter jurisdiction or constitute a nonwaivable condition precedent to the circuit court's jurisdiction." *Id.* ¶ 37.

¶ 14 Here, Walter does not challenge the circuit court's personal or subject matter jurisdiction. Rather, Walter argues McCormack's appointment as guardian *ad litem* did not comport with any

statutory authority. Following our supreme court precedent, we find the circuit court's alleged lack of statutory authority to appoint McCormack as guardian *ad litem* does not deprive the circuit court of jurisdiction thereby constituting a void order. Furthermore, our authority to review the appointment as a voidable order is hindered by Walter's failure to appeal the order, and for reasons stated below, our inability to determine whether the order is a step in the procedural progression leading to the appealed fee awards.[2]

¶ 15   Nonetheless, we are persuaded by McCormack's argument that the court had inherent authority to appoint McCormack as guardian *ad litem* in the dissolution proceedings. Our supreme court reviewed the issue of whether a circuit court's appointment of a guardian *ad litem* for an adult litigant adjudicated mentally disabled was proper in the absence of statutory authority. *In re Mark W.*, 228 Ill. 2d 365 (2008). In *Mark W.*, the court explained that a disabled person is "viewed as 'a favored person in the eyes of the law' and is entitled to vigilant protection." *Id.* at 374-75. When a person is adjudicated mentally disabled, that person remains under the jurisdiction of the court, and the court has "a duty to judicially interfere and protect" the interests of the disabled person. *Id.* at 375. "To fulfill this duty, the court's authority is not limited to express statutory terms." *Id.* Therefore, the supreme court held that the circuit court had authority to appoint a guardian *ad litem* in the absence of statutory authority. *Id.*

¶ 16   Here, the record shows the court and Tener were concerned about Walter's mental capacity to participate in the dissolution proceeding. Tener filed a motion for physical or mental examination of Walter, noting that the court was concerned about Walter's ability to represent

---

[2]Walter also challenged the dissolution court's guardian *ad litem* appointment as a basis for her argument that McCormack had no authority to initiate guardianship proceedings in a prior appeal. See *In re Estate of Walter*, 2023 IL App (1st) 211600. However, this court did not reach the merits of the appointment in our decision. *Id.*

herself at trial. The court granted the motion and appointed Dr. Kraus to conduct a mental health examination to determine Walter's mental competency. According to our decision in a prior related appeal, Dr. Kraus evaluated Walter and opined that she was delusional, extremely paranoid, and severely disabled. *In re Estate of Walter*, 2023 IL App (1st) 211600, ¶ 4. Walter even referred to herself as "disabled respondent" in a submission to the court. The court was faced with a litigant who overtly exhibited mental health issues, admittedly suffered from a disability, and who was found to have mental health issues after a court-appointed medical examination.

¶ 17    As a person adjudicated mentally disabled is "favored [ ] in the eyes of the law" and entitled to protections, so, too, are individuals, like Walter, entitled to protections. Illinois carries "the important public policy of this State's commitment to compassionate care for the mentally disabled." *American Federation of State, County & Municipal Employees v. State*, 124 Ill. 2d 246, 262 (1988). As such, it was incumbent on the court to protect Walter's interest as a person demonstrating a lack of mental capacity by appointing a guardian *ad litem* to initiate guardianship proceedings. Following the court's holding in *Mark W.*, the circuit court had inherent authority to appoint McCormack as guardian *ad litem* in the dissolution proceeding. See generally *J.H. v. Ada S. McKinley Community Services, Inc.*, 369 Ill. App. 3d 803, 819 (2006) (although finding circuit court had no authority to appoint a guardian *ad litem* for a competent adult litigant, reviewing court noted that it "d[id] not hold that a trial court cannot appoint a guardian *ad litem* for an adult litigant not yet adjudged disabled, where the court has concerns about the mental capacity of the litigant and there is no objection to the appointment of a guardian *ad litem*").

¶ 18                                B. Appeals Under Rule 304(a)

¶ 19    Next, we address McCormack's Rule 304(a) challenge. Walter appeals from the dissolution court's June 22 orders awarding attorney fees and costs to McCormack, Chuhak & Tecson, P.C., and Golan Christie Taglia LLP, asserting that these orders are reviewable under Rule 304(a). McCormack claims the orders are not appealable under Rule 304(a) despite the court's finding of "[n]o just reason exists staying enforcement of the Judgment." This court must "independently determine whether the order was in fact, final and appealable." *In re Estate of Rosinski*, 2012 IL App (3d) 110942, ¶ 22.

¶ 20    Rule 304(a) provides,

> "If multiple parties or multiple claims for relief are involved in an action, an appeal may be taken from a final judgment as to one or more but fewer than all the parties or claims only if the trial court has made an express written finding that there is no just reason for delaying either enforcement or appeal or both." Ill. S. Ct. R. 304(a) (eff. Mar. 8, 2016).

"Thus, Rule 304(a) may apply where (1) the parties present multiple claims, (2) the trial court enters a judgment on at least one of those claims, and (3) that judgment is final." *In re Marriage of Teymour*, 2017 IL App (1st) 161091, ¶ 13. The purpose of Rule 304 is to "discourage piecemeal appeals in the absence of a good reason to proceed in such a fashion and also to remove any uncertainty about the proper course when a judgment is entered regarding fewer than all matters in controversy." *Zamora v. Montiel*, 2013 IL App (2d) 130579, ¶ 6 (citing *Mares v. Metzler*, 87 Ill. App. 3d 881, 884 (1980)).

¶ 21    Our supreme court has held that a petition for dissolution of marriage advances a single claim: the parties' request for an order dissolving their marriage. *In re Marriage of Leopando*, 96

Ill. 2d 114, 119 (1983).[3] The issues involved are ancillary to the cause of action and do not represent separate, unrelated claims. *Id.* Therefore, orders resolving such issues are not appealable under Rule 304(a), which governs appeals from actions involving multiple claims. *In re Marriage of Crecos*, 2021 IL 126192, ¶ 18 (citing *Leopando*, 96 Ill. 2d at 120). Indeed, one of the purposes of the Act is to encourage

> " 'the court to decide all matters incident to the dissolution in a single judgment, to the fullest extent of its authority, in order to achieve finality, promote judicial economy, and avoid multiple litigations and complications which can result from the entry of partial judgments, particularly judgments which dissolve the marriage but "reserve" remaining issues for later determination.' " *In re Marriage of Cohn*, 93 Ill. 2d 190, 197-98 (1982) (quoting Ill. Ann. Stat., ch. 40, ¶ 401(3), Historical and Practice Notes, at 105 (Smith-Hurd 1980) (currently codified at 750 ILCS 5/401(b) (West 2018))).

"Cases involving dissolution of marriage proceedings are inherently more problematic upon appellate review due to the large number of separate issues that are determined in a single proceeding because all of these issues are not decided at the same time." *In re Marriage of King*, 336 Ill. App. 3d 83, 88 (2002), *aff'd*, 208 Ill. 2d 332 (2003). For these reasons, Illinois courts are hesitant to review orders entered prior to the final dissolution judgment.

¶ 22    Relevant here, this appellate court held an award for interim attorney fees "is strictly temporary in nature" and "subject to adjustment (including, if necessary, the disgorgement of

---

[3]In 2010, Illinois Supreme Court Rule 304(b)(6) (Feb. 26, 2010) superseded *Leopando* as it relates to child custody judgments. Illinois courts still follow the reasoning in *Leopando* in marriage dissolution cases involving other predissolution orders, including those pertaining to attorney fees (*In re Marriage of Arjmand*, 2017 IL App (2d) 160631), maintenance (*In re Marriage of Jensen*, 2013 IL App (4th) 120355), and marital assets and liabilities (*In re Marriage of Susman*, 2012 IL App (1st) 112068).

overpayments to an attorney) at the close of the dissolution proceeding." *In re Marriage of Arjmand*, 2017 IL App (2d) 160631, ¶ 20 (citing 750 ILCS 5/501(c-1)(2) (West Supp. 2015)). Thus, "the interlocutory appeal of interim-attorney-fee awards is not permitted by any supreme court rule." *Id.* ¶ 21. Additionally, this appellate court found a court's order of guardian *ad litem* fees and costs was not appealable under Rule 304(a). See *Rosinski*, 2012 IL App (3d) 110942, ¶ 24. There, a settlement claim commenced after a minor was injured in a car accident. *Id.* ¶ 3. During the settlement proceeding, the court appointed a guardian *ad litem* for the minor, and the insurance company for the other driver involved in the accident hired a law firm to facilitate the settlement claim. *Id.* ¶¶ 3-5. Several months later, the guardian *ad litem* filed a petition for fees. *Id.* ¶ 8. During the hearing on the petition, the guardian *ad litem* argued she had to " 'get this thing in order' " due to the firm's " 'failure to have their pleadings in order.' " *Id.* ¶ 10. The court ordered the firm to pay the guardian *ad litem*'s fees, and the firm filed a motion to vacate. *Id.* ¶¶ 11, 14. The court upheld its order and stated, " 'I don't see any reason to delay enforcement or appeal of the order.' " *Id.* ¶ 14. The Third District held the order was not appealable under Rule 304(a). *Id.* ¶¶ 23-24. The court found the settlement was still pending and the guardian *ad litem*'s duties were not terminated. *Id.* ¶ 23. Therefore, subsequent appeals in the case remained possible, and this possibility conflicted with the purpose of Rule 304(a) to discourage piecemeal litigation. *Id.* The court further determined that the circuit court's Rule 304(a) finding did not render the court's fee award appealable. *Id.* ¶ 24.

¶ 23 During the dissolution proceeding here, McCormack requested attorney fees and costs in the amount of $36,713.25 for work conducted in the probate proceeding, including communicating with probate counsel; reviewing pleadings, orders, and reports; conducting phone conferences,

meetings, and court appearances; and participating in depositions. Chuhak & Tecson, P.C., and Golan Christie Taglia LLP collectively requested attorney fees and costs in the amount of $59,462.86 and $9090 respectively for work conducted in the probate proceeding, including corresponding with McCormack; reviewing pleadings, orders, and reports; conducting phone conferences, meetings, and court appearances; consulting experts; and preparing for and attending depositions. The court found the fees and costs were "fair, reasonable and necessary" and granted the petitions. Although Walter appeals the fee awards, Rule 304(a) provides that an appeal may be taken when "multiple claims for relief are involved in an action" (Ill. S. Ct. R. 304(a) (eff. Mar. 8, 2016)) and, as stated in *Leopando*, issues arising in a dissolution of marriage case, like attorney fees and costs, do not constitute a separate claim for purposes of Rule 304(a) (see *Leopando*, 96 Ill. 2d at 119).

¶ 24    Furthermore, to allow review of the fee awards in this appeal would be contrary to the purpose of Rule 304(a) to discourage piecemeal litigation. *Rosinski*, 2012 IL App (3d) 110942, ¶ 23; *Arjmand*, 2017 IL App (2d) 160631, ¶ 35. McCormack remains Walter's guardian *ad litem* in the dissolution case, where she may incur more fees, and may continue seeking legal services from Chuhak & Tecson, P.C., and Golan Christie Taglia LLP. Because of this, the aggregate amount of fees and costs is ever-changing, and subsequent appeals on the issue remain possible. See *Rosinski*, 2012 IL App (3d) 110942, ¶ 24 (finding the order at issue was not a final judgment under Rule 304(a) because "the firm could be ordered to pay additional [guardian *ad litem*] fees or other costs due to the ongoing nature of the pending petition [to settle minor's cause of action]").

¶ 25    Walter argues the fee awards were appealable under Rule 304(a) because they were solely based on the work performed during the probate proceeding and became final dispositions at the

conclusion of the probate proceeding. This argument is inconsequential to our determination. The issue of fees and costs was raised and decided in the dissolution case. *Leopando* found that a petition for dissolution advances a single claim and that the issues involved are ancillary to the cause of action. *Leopando*, 96 Ill. 2d at 119. Therefore, the ancillary issues are not final judgments as to separate claims in accordance with Rule 304(a). Walter also argues that the court's Rule 304(a) finding that "[n]o just reason exists staying enforcement of this Judgment" was legally sufficient to meet the rule's requirements. Although the court made a Rule 304(a) finding, "[t]he sound policy of resolving all matters incident to dissolution in a single judgment should not be circumvented by the mere inclusion of Rule 304(a) language." *Id.* at 120; see also *Rosinski*, 2012 IL App (3d) 110942, ¶ 22 ("a trial court cannot make a nonfinal order appealable simply by including language that complies with Rule 304(a)"). For the foregoing reasons, we find the June 22 orders were not final and appealable under Rule 304(a).

¶ 26                                   III. CONCLUSION

¶ 27      We find the appointment of guardian *ad litem* was not a void judgment and the orders on appeal were not final and appealable under Illinois Supreme Court Rule 304(a) (eff. Mar. 8, 2016). Accordingly, we dismiss the appeal.

¶ 28      Appeal dismissed.

---

***In re Marriage of Tener*, 2023 IL App (1st) 220890**

---

| | |
|---|---|
| **Decision Under Review:** | Appeal from the Circuit Court of Cook County, No. 14-D2-30460; the Hon. Jeanne Reynolds, Judge, presiding. |

---

| | |
|---|---|
| **Attorneys for Appellant:** | Jerome W. Pinderski Jr., of Pinderski & Pinderski, Ltd., of Palatine, for appellant. |

---

| | |
|---|---|
| **Attorneys for Appellee:** | Matthew D. Elster, of Beermann LLP, of Chicago, for appellee. |

---