2026 IL App (1st) 251539-U

FIRST DIVISION
June 1, 2026

No. 1-25-1539

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE
APPELLATE COURT OF ILLINOIS
FIRST DISTRICT

_____

| | | |
|---|---|---|
| COOK COUNTY PUBLIC ADMINISTRATOR, | ) | Appeal from the Circuit Court |
| | ) | of Cook County. |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | No. 24M1706997 |
| | ) | |
| JESSICA JACKSON, *et al.*, | ) | The Honorable |
| | ) | Pablo deCastro, |
| Defendant-Appellant. | ) | Judge Presiding. |

_____

PRESIDING JUSTICE FITZGERALD SMITH delivered the judgment of the court.
Justices Howse and Cobbs concurred in the judgment.

**ORDER**

*HELD*: Where probate court order appointing an independent public administrator as executor of estate was not void but only merely voidable, and where defendant did not appeal that order, it became final and defendant's subsequent attack of it during eviction proceedings was collateral and, thus, improper. Additionally, the eviction court did not abuse its discretion in denying defendant's motion to compel discovery that was irrelevant to the eviction proceedings.

¶ 1 Defendant-appellant Jessica Jackson (defendant) appeals two orders issued by the circuit court of Cook County in an underlying forcible entry and detainer action. The first, listed in

her Notice of Appeal as "06/09/2025," is a June 9, 2025 order of possession issued in favor of plaintiff-appellee Cook County Public Administrator (Administrator) and against her for real property at issue in this cause; the second, listed by defendant only as "08/06," we surmise is the subsequent order issued by the court below on August 6, 2025 denying her motion to reconsider her eviction.[1]  Defendant contends that the eviction order was improper because the Administrator's appointment as executor of the estate, to which the property belonged, was void.  She also asserts that the trial court abused its discretion in denying a motion she filed seeking to compel discovery during litigation.  Defendant asks that we vacate the order of eviction and remand with instructions to dismiss the case.  For the following reasons, we affirm.

¶ 2                                                  BACKGROUND

¶ 3        We note at the outset that the instant appeal involves proceedings that took place in both probate court and eviction court, and the record denotes that several hearings before those courts took place.  However, transcripts from many of those hearings—particularly three had in the probate court on November 14 and  December 6 and 20, 2022, which are of import here—were not provided in the record on appeal by defendant, as was her burden as the appellant.  See *McCann v. Dart*, 2015 IL App (1st) 141291, ¶ 15 (appellant has burden to provide complete record on appeal); *Foutch v. O'Bryant*, 99 Ill. 2d 389, 391-92 (1984) (any doubts arising from record's incompleteness will be resolved against the appellant).

---

[1] Defendant attached copies of the June 9, 2025 order of possession and an August 6, 2025 order denying her motion to reconsider to her Notice of Appeal.

Ultimately, we have thoroughly reviewed the record and from what is present, particularly written trial court orders, we have been able to glean the following facts.

¶ 4 Mary Lou Thomas owned a three-flat residential property at 7147 South East End Avenue in Chicago, Illinois. When she died in April 2016, that property became part of her estate. Heirs to her estate included her three adult daughters: Haroletta Yvonne Thomas, Harriet Yvette Thomas,[2] and defendant, as well as various nieces, nephews, and grandchildren. In her will, Mary Lou appointed Haroletta as the executor, with "full power and authority at any time or times to sell, mortgage, pledge or exchange or otherwise deal with or dispose of the property comprising [the] estate upon such terms as she shall deem best, without order or approval of any Court." The will further provided that if Haroletta refused or was unable to act as executor, the successor executor was to be defendant and, if defendant refused or was unable to act as successor executor, the next successor executor was to be Harriet.

¶ 5 It appears that sometime in 2017, defendant, who had been living in California, returned to Chicago seeking to move into Unit 2 of the otherwise occupied three-flat with her adult daughter, Kellie Renee Jackson. Although a trial court order of December 7, 2017 denied defendant's petition to occupy the estate property, she moved in anyway. Later, Haroletta, acting as executor, appeared in probate court. She described to the court that the property was falling into disrepair and required a new boiler, but there were almost no funds left in the estate. She further explained that insurance, taxes, and maintenance bills on the property

---

[2] Haroletta Yvonne Thomas is referred to in the record sometimes as Haroletta and other times as Yvonne; we will refer to her herein as Haroletta. Likewise, Harriet Yvette Thomas is referred to in the record sometimes as Harriet and other times as Yvette; we will refer to her herein as Harriet.

were outstanding and although the family had tried to settle the matters, they could not. She also filed a motion to withdraw as executor of the estate. On October 29, 2021, the court issued an order mandating the property be listed with a broker and requiring all occupants to provide access to real estate sales personnel and repairmen upon 48 hours' notice. Additionally, court orders were issued on February 15 and 24, 2022, requiring defendant to pay $800 per month in rent for Unit 2, which she continued to occupy with her daughter.

¶ 6 Several court hearings with respect to Haroletta's motion to withdraw as executor followed, taking place in the probate court on November 14 and December 6 and 20, 2022. Again, there are no transcripts of these hearings. However, a subsequent written probate court order recounts the following findings of facts made at those hearings. Significantly, the probate court found that defendant "was disqualified from acting as Executor because of continued violations of specific court orders." The court specified that these included the December 7, 2017 order denying her petition to occupy Unit 2, which she admitted in open court she had violated and stated she intended to continue violating; the October 29, 2021 order listing the property for sale and requiring all occupants to provide access, where testimony was presented demonstrating defendant's knowing and deliberate interference with providing said access, along with her own testimony of her intent to continue prohibiting entry onto the property by real estate sales personnel and repairmen; and the February 15 and 24, 2022 orders mandating she pay monthly rent, which testimony evinced she refused to tender. The court also noted that Harriet "had indicated to the court on previous dates that she declined to serve as a successor executor." Accordingly, and since all the executors named in the will were either unwilling or disqualified from serving, the probate court, on

December 20, 2022, entered an order granting Haroletta's motion to withdraw and appointing the Administrator as independent administrator of the estate.[3]

¶ 7　　During the next several months, defendant, proceeding *pro se*, filed motions in federal court concerning the estate, such as seeking removal of the probate judge upon her assertions of bias and harassment, and damages against the Administrator for abuse and mismanagement of the estate.  Meanwhile, she provided the probate judge with a letter stating she would not appear in probate court for any hearing while he remained on the matter.  Proceedings involving the estate, however, continued in the probate court and the Administrator moved for leave to file eviction proceedings with respect to "7147 South East End Avenue, Unit 2" against defendant and her daughter.  The probate court granted the motion on June 13, 2023, and the Administrator began eviction proceedings in eviction court.

¶ 8　　Later, and after obtaining counsel, defendant filed a petition in probate court to vacate the order appointing the Administrator as executor of the estate, pursuant to section 2-1401 of the Illinois Code of Civil Procedure (735 ILCS 5/2-1401 (West 2024)).  Defendant argued that, as she was an available successor executor named in the will, the probate court had no authority to bar her from serving as such and, thus, its December 20, 2022 order appointing the Administrator was void.

¶ 9　　Meanwhile, as that petition was pending in the probate court, defendant also filed a motion to stay eviction, which the eviction court granted pending the probate proceeding.

---

[3] As directed by the probate court, and after being contacted by counsel for the estate, the Administrator had, during this time, filed a cross-petition for probate of will and for letters of administration with will annexed.

¶ 10          On February 25, 2025, the probate court denied defendant's petition to vacate the Administrator's appointment.  In a lengthy order outlining the procedural history of the probate matter, the court cited several sections of the Probate Act of 1975 (Probate Act) (*e.g.*, 755 ILCS 5/13 *et seq.*, 5/23 *et seq.* (West 2024)), authorizing it to remove a representative for being unsuitable for the discharge of duties, for wasting or mismanaging an estate, and/or for good cause shown.  The court detailed that, because Haroletta moved to withdraw as executor, and due to defendant's "repeated violations of multiple court orders" which "disqualified her from appointment as executor" under these provisions, the Administrator "remained the only viable option" for the court to name as the executor of the estate.  Defendant did not file a motion to reconsider the probate court's denial of her petition, nor did she file an appeal.

¶ 11          Subsequently, the eviction court set the pending eviction matter for trial and allowed the parties to commence discovery.  Relevant here, after defendant[4] filed her requests, the Administrator objected to two of her interrogatories (no. 1, asking for "every expenditure" the Administrator had made on behalf of the estate; and no. 3, asking when the administrator knew of facts that supported defendant's claim to be executor) and one of her requests for production (no. 2, any receipts or invoices "from third-party service providers" on behalf of the estate), asserting the information sought was irrelevant to the eviction proceeding.  In response, defendant filed a motion to compel discovery.

---

[4] We clarify for the record that, while not a party to the probate proceedings, defendant's adult daughter, Kellie, was named a party-defendant in the eviction action and listed in the orders issued by that court.  She is included in the "*et al.*" designation captioning the instant appeal.

6

¶ 12    The eviction court held a pretrial conference and hearing on defendant's motion to compel. During the hearing, defendant insisted she was in need of this discovery to challenge testimony given by the Administrator during the prior probate proceeding that it had advanced approximately $26,000 to the estate for costs associated with the property. She asserted that, as the Administrator had not provided receipts for these expenditures to the probate court, it had no proof that it had a superior claim to possession of the property over her, who was named in the will as the successor executor, and thus, the probate court's appointment of the Administrator was void. The eviction court denied defendant's motion, finding the discovery she sought "ha[d] no relevance" to the matter before it: the eviction. As the court explained, it was "not here to decide whether or not the [Administrator] is the executor;" the probate court had already decided this and, since she did not appeal that determination, defendant was collaterally estopped from relitigating now in eviction court that the probate court's order appointing the Administrator was void. The court noted that, instead, it was "to decide whether[,] being the executor, [the Administrator has] a superior right of possession." Thus, because the receipts defendant sought had nothing to do with the eviction, the court struck the interrogatories and the request to produce as irrelevant.

¶ 13    The eviction cause proceeded to trial. For its part, the Administrator argued that its appointment by the probate court and that court's denial of defendant's motion to vacate its appointment (which were never appealed), along with that court's subsequent order authorizing it to initiate eviction proceedings, demonstrated it had a superior right of possession of the property over defendant. For her part, defendant again argued that the probate court's order appointing the Administrator was void and that the Administrator had

committed fraud on the probate court to obtain the property over her superior right as a named successor executor in the will.

¶ 14       On June 9, 2025, the eviction court issued an order of possession in favor of the Administrator and against defendant.  In its colloquy, the court took judicial notice of the probate action and explained that it was "not here to review everything that the probate court did," as it was not an appeals court.  Rather, it noted that the "probate court saw fit to appoint the [Administrator] to manage the estate on behalf of all of the heirs" after finding defendant was "no longer legally competent" to be a successor executor, and later authorized the Administrator "on behalf of the estate to initiate eviction proceedings" on the property.  It further noted defendant had already challenged the propriety of the Administrator's appointment via her motion to vacate, which the probate court denied in its February 25, 2025 order, making "clear" that it was "upholding its prior ruling that [defendant] was not authorized to act as administrator due to her failings on behalf of the estate and her refusal to comply with court orders."  Ultimately, because defendant never appealed that order, and because the Administrator had properly served the eviction, the court granted the eviction.

¶ 15       Defendant filed a motion to reconsider.  On August 6, 2025, the eviction court denied the motion.  Again finding that the probate court "did have the authority and the jurisdiction" to appoint the Administrator, the court concluded that the Administrator had demonstrated its "superior right to possession" over defendant and, thus, it had "the right to dispose" of the property on behalf of the estate via the eviction.

¶ 16                                          ANALYSIS

8

¶ 17   On appeal, defendant, again, contends that the probate court's order appointing the Administrator was void because that court had no legal or statutory right to bypass her as executor of the estate, since she was specifically named as such in the will. She then contends that, because the probate court's order was void, the Administrator did not have a superior right to possession of the property over her and, thus, the eviction court's order granting the eviction must be vacated. We disagree.

¶ 18   The crux of defendant's argument conflates the legal concepts of void versus voidable orders. Inherently, the concept of voidness involves the consideration of jurisdiction, which we review *de novo*. See *In re Marriage of Tener and Walter*, 2024 IL App (1st) 220890, ¶ 12 (citing *LVMV Funding, LLC v. Trice*, 2015 IL 116129, ¶ 27). A void order is one that is entered by a court which lacks jurisdiction in the matter, either personal jurisdiction over the litigants before it and/or subject matter jurisdiction over the issues involved. See *Tener*, 2024 IL App (1st) 220890, ¶ 12 (citing *People v. Castleberry*, 2015 IL 116916, ¶ 11); see also *In re Marriage of Mitchell*, 181 Ill. 2d 169, 174 (1998) ("Judgments entered in a civil proceeding may be collaterally attacked as void only where there is a total want of jurisdiction in the court which entered the judgment, either as to the subject matter or as to the parties" (internal quotation marks omitted)). An order that is void may be attacked by a litigant at any time, either directly or indirectly. See *Tener*, 2024 IL App (1st) 220890, ¶ 12.

¶ 19   In contrast, an order is considered voidable when it is one that has been entered by a court which has proper jurisdiction, but was entered erroneously, in contravention of the facts or law applicable to the matter. See *Tener*, 2024 IL App (1st) 220890, ¶ 12 (citing *Castleberry*, 2015 IL 116916, ¶ 11, and *Mitchell*, 181 Ill. 2d at 174, noting a court that has acquired

jurisdiction and enters an order erroneously has entered a voidable order, not a void order). Critically, and unlike a void order, an order that is merely voidable is not subject to attack at any time; instead, it can only be challenged, and "corrected," if it is presented, in a timely manner, to an appellate court for review. See *Tener*, 2024 IL App (1st) 220890, ¶ 12 (quoting *People v. Speed*, 318 Ill. App. 3d 910, 914 (2001), to state, "A voidable judgment 'is correctable on review [only] if a timely appeal is taken.' ").

¶ 20      We have "rejected the contention that a circuit court's jurisdiction depends on whether the court properly follows certain statutory requirements. Rather, the court's jurisdiction is granted by the constitution" *Tener*, 2024 IL App (1st) 220890, ¶ 13 (citation omitted). As our supreme court has stated, "it cannot be the case that the failure to satisfy a certain statutory requirement or prerequisite can deprive the circuit court of its 'power' or jurisdiction to hear a cause of action." *LVMV Funding*, 2015 IL 116129, ¶ 30. Accordingly, whether an order is void and thus subject to collateral attack at any time, or merely voidable and thus can only be challenged on appeal, "depends solely on whether the circuit court which entered the judgment possessed personal or subject matter jurisdiction." *Tener*, 2024 IL App (1st) 220890, ¶ 13; see also *LVMV Funding*, 2015 IL 116129, ¶ 37. And, "the failure to comply with a statutory requirement or prerequisite does not negate the circuit court's subject matter jurisdiction or constitute a nonwaivable condition precedent to the circuit court's jurisdiction." *LVMV Funding*, 2015 IL 116129, ¶ 37.

¶ 21      In the instant cause, defendant seeks to challenge the validity of the eviction order by attacking the probate court's order appointing the Administrator as executor of the estate,

claiming it is void. This is an improper collateral attack of an order that, if any error can be assigned to it at all, is merely voidable and not, as defendant declares, void.

¶ 22      Defendant has never challenged the probate court's personal jurisdiction over her or its subject matter jurisdiction over the estate. Nor could she, as the question in those proceedings, namely, who should serve as the successor executor of the estate that had been admitted to probate, was properly before that court. See, *e.g.*, *In re Estate of Gebis*, 186 Ill. 2d 188, 193 (1999) (the probate court's power to act is controlled by the Probate Act); *People ex rel. Dahm v. Corcoran*, 39 Ill. 2d 233, 234 (1968) (the probate court has subject matter jurisdiction over all justiciable controversies raised in the probate proceeding).

¶ 23      Rather, what defendant did challenge (and continues to challenge here) is the Administrator's appointment as executor, arguing it did not comport with any statutory or legal authority. That was the core of her section 2-1401 petition challenging the probate court's appointment of the Administrator. She was not contesting personal or subject matter jurisdiction. She was asserting error or impropriety in the probate court's December 20, 2022 determination that she was barred from being successor executor, even though she was so named in the will, due to her repeated violations of court orders entered to protect the estate, and declaring the Administrator as her replacement.

¶ 24      In line with the legal principles outlined herein, then, the probate court's order of February 25, 2025 denying defendant's section 2-1401 petition to vacate the Administrator's appointment could not have constituted a void order; it could only be voidable. See *Tener*, 2024 IL App (1st) 220890, ¶ 12 ("[w]hen a court has acquired jurisdiction, an order will not be rendered void merely because of an error or impropriety in the issuing court's

determination of law;" such orders are merely voidable). And, as such, it was not one that could be attacked at any time, as defendant now insists in the current appeal of the eviction order. As a voidable order, she was required to seek correction of that probate court order on review—in an appellate court pursuant to a timely filed appeal, which would have been 30 days later. See Ill. S. Ct. R. 303(a)(1) (eff. July 1, 2017) ("notice of appeal must be filed *** within 30 days after the entry of the final judgment appealed from, or, if a timely posttrial motion directed against the judgment is filed, *** within 30 days after the entry of the order disposing of the last pending postjudgment motion"). However, defendant not only failed to file a notice of appeal of the probate court's order within those 30 days, she never filed a notice of appeal of the probate court's order at all. As such, she forfeited her right to raise this issue in any future proceeding.

¶ 25    Instead, defendant attempted to relitigate the probate court's appointment of the Administrator before the eviction court several months later, in June 2025. However, after reviewing the probate court's order and taking judicial notice of the procedural history of that case, the eviction court found collateral estoppel prevented this.

¶ 26    The eviction court's findings were wholly correct. First, and foremost, our supreme court "has asserted as a general principle that '[o]ne circuit judge may not review or disregard the orders of another circuit judge in the judicial system of this State.' " *Board of Trustees of Community College Dist. No. 508 v. Rosewell*, 262 Ill. App. 3d 938, 957 (1992) (quoting *People ex rel. Phillips Petroleum Co. v. Gitchoff*, 65 Ill. 2d 249, 257 (1976)). Thus, while the probate court judge and the eviction court judge have equal authority and power over the matters they reviewed pertinent to this cause, the eviction court judge would not have the

authority to overturn the probate court judge's order appointing the Administrator as the proper executor of the estate. See *Board of Trustees*, 262 Ill. App. 3d at 957. What is more, eviction courts are courts of limited jurisdiction. See *Granville Tower Condominium Ass'n v. Escobar* 2022 IL App (1st) 200362, ¶ 43 (citing *Wells Fargo Bank, N.A. v. Watson*, 2012 IL App (3d) 110930, ¶ 14). Forcible entry and detainer actions are "limited, summary proceedings," with the " 'distinctive purpose' " of providing a speedy remedy to restore possession of real property to those entitled to it. *Granville Tower*, 2022 IL App (1st) 200362, ¶ 43 (quoting *Spanish Court Two Condominium Ass'n v. Carlson*, 2014 IL 115342, ¶¶ 15-16). Accordingly, issues not related to this limited objective cannot be heard by an eviction court. See *Granville Tower*, 2022 IL App (1st) 200362, ¶ 43 (" 'matters not germane to the distinctive purpose' of a forcible entry and detainer proceeding may not be introduced" in that proceeding (internal citation omitted)).

¶ 27　　As we discussed, the probate court had denied defendant's section 2-1401 petition to vacate the Administrator's appointment as executor based on her statutory argument, making that a voidable order, which she was required to appeal but did not. Subsequently, the eviction court here could not sit in judgment over that order. Not only was the propriety of the Administrator's appointment irrelevant to the limited scope and purpose of the forcible entry and detainer action against defendant and her daughter, but the eviction court stood in sister jurisdiction to the probate court and not in appellate review, thereby having no authority to overturn its appointment of the Administrator as executor.

¶ 28　　In sum, since defendant presents no other legal challenge to the eviction itself besides her assertion that it could not proceed because the Administrator's appointment was void, we

13

affirm the eviction. With the Administrator's appointment considered final and never appealed by the time of the eviction proceedings some five months later, and with the Administrator presenting to the eviction court an unchallenged July 13, 2023 order from the probate court giving it authority to act on behalf of the estate to pursue possession of the property, sell it, and distribute the proceeds to the heirs of the estate, the Administrator established a superior right to possession of the property. See, *e.g.*, *Estate of Biewald*, 127 Ill. App. 3d 269, 276 (1984). Based on all this, we hold that eviction court properly entered the eviction order against defendant and her daughter.

¶ 29        Briefly, we address one final argument defendant raises on appeal, namely, that the eviction court erred during its pretrial conference on her motion to compel discovery. She asserts that the two interrogatories and the request for production the trial court denied would have produced evidence challenging the Administrator's testimony given at the probate hearing that it had advanced some $26,000 to the estate. According to defendant, she could have used this evidence to show that the Administrator was not credible in its testimony during the probate proceedings, that the probate court's order appointing the Administrator was therefore improper and, ultimately, that an eviction order could not have been entered.

¶ 30        A trial court has great latitude in determining the scope of pretrial discovery. See *Powers v. Rosine*, 2011 IL App (3d) 100070, ¶ 12. Significantly, its "ruling on a motion to compel discovery will stand absent a manifest abuse of discretion affirmatively and clearly shown by the appellant." *Dufour v. Mobil Oil Corp.*, 301 Ill. App. 3d 156, 160 (1998); accord *Powers*, 2011 IL App (3d) 100070, ¶ 12. The eviction court here concluded that defendant's interrogatories and request at issue had "no relevance" to the eviction proceeding because the

question before it was not the propriety of the Administrator's appointment but, rather, "whether[,] being the executor, [the Administrator has] a superior right of possession." We agree. Defendant's interrogatory no. 1, asking for "every expenditure" the Administrator had made on behalf of the estate, and no. 3, asking when the administrator knew of facts that supported her claim to be executor, along with defendant's request for production no. 2, seeking any receipts or invoices "from third-party service providers" on behalf of the estate, had nothing to do with the eviction proceedings. If they had any relevance at all, it would have been with respect to the issue of whether the Administrator's appointment as executor was proper, which, again, was for the probate court to decide and which defendant was required to challenge via an appeal—one she chose not to undertake. Because the information sought had nothing to do with the right of possession of the estate property, the eviction court committed no abuse in denying defendant's motion to compel discovery of it.

¶ 31     For all the foregoing reasons, we affirm the judgment of the trial court.

¶ 32     Accordingly, this Court's orders of September 12 and 18, 2025 granting defendant's motion to stay eviction issued during the pendency of this appeal are vacated, and the accompanying bond that was posted in this matter is hereby released.

¶ 33     Affirmed.